IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND CARTER #135839           *

Plaintiff                        *

v.                               *      Civil Action No. JKB-15-836

WARDEN                           *

Defendant                        *
                                ***

## MEMORANDUM

The above-captioned civil rights complaint was docketed upon receipt of correspondence from plaintiff indicating that he was being harassed and endangered by inmates and corrections staff at the Florida prison where he was then housed under the Interstate Corrections Compact.[1] ECF No. 1. Plaintiff sought this court's intervention into the alleged poor treatment he is experiencing in Florida and also requested injunctive relief mandating his return to Maryland's Division of Correction, where he may pursue various challenges to his Maryland conviction.

On March 30, 2015, the court dismissed plaintiff's allegations concerning his treatment by Florida corrections staff and ordered plaintiff to supplement his request for injunctive relief mandating his return to Maryland. ECF No. 2. Plaintiff has written the Clerk, indicating that he now is housed in a Maryland Division of Correction facility.

Plaintiff has received the relief requested and has been returned to Maryland; thus, his case has been rendered moot because the sole issue is no longer "live" and "'the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir.

---

[1] Plaintiff indicates his transfer was undertaken so that he could be near his mother, who was terminally ill. ECF No. 1, p. 1.

Case 1:15-cv-00836-JKB   Document 4   Filed 04/21/15   Page 2 of 3

2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The inability of the federal judiciary to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy. *Id.* (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Because the requirement for a live case or controversy exists through all stages of the proceedings, "litigation may become moot during the pendency of an appeal." *Id.* (internal quotation marks and citation omitted).

A case can remain viable under the exception to the mootness doctrine that permits the court to consider disputes that, although moot, are "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). The exception is limited to "exceptional situation[s]." *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). "[I]n the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The Supreme Court recently stated that "[t]he second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" *Fed. Election Comm'n*, 551 U.S. at 462 (some internal quotation marks omitted). Plaintiff was transferred to Florida to be near his terminally ill mother. He has now been returned to Maryland, where he "still ha[s] a lot of legal work to file on my case." ECF No. 1, p. 1. It is unlikely that Maryland corrections officials will again transfer plaintiff under the ICC. A separate Order follows.

Date: April 21, 2015

/s/ James K. Bredar
James K. Bredar
United States District Judge